UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DONNELL ROBERTSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Cause No. 3:17-CV-264 JD |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

OPINION AND ORDER

Donnell Robertson, a prisoner without a lawyer, filed a habeas corpus petition arguing that the retroactive application of the Deprived Credit Time Restoration provisions of The Disciplinary Code for Adult Offenders, 02-04-101 (effective March 1, 2015) to his previous losses of Earned Credit Time is a violation of the Ex Post Facto Clause of the Constitution. However, before a federal district court may grant habeas corpus relief, the petitioner must have exhausted her claims in the state courts. 28 U.S.C.A. § 2254(b)(1). "This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Lewis v. Sternes*, 390 F.3d 1019, 1025-1026 (7th Cir. 2004). Here, Robertson states in his petition that he has not "previously filed any petitions, applications or motions with respect to this disciplinary sanction in any court, state or federal . . .." ECF 1 at 2.

Indiana courts have demonstrated that they will adjudicate whether the retroactive application of earned credit time restoration provisions violate the Constitution. In *Young v. Indiana Dep't of Correction*, 22 N.E.3d 716, 719 (Ind. Ct. App. 2014), the Court of Appeals of Indiana held "that Section IX.E–9(d) of the DOC's Disciplinary Code for Adult Offenders, which limits restoration of credit time to credit time deprived during an offender's current sentence, does

not violate the Equal Protection Clause of the Fourteenth Amendment or Article 1, Section 23 of the Indiana Constitution as the policy applies to offenders serving consecutive sentences." *Id*. at 719. *Young* demonstrates Indiana courts will adjudicate the ex post facto claim raised in this case. Because this claim has not been presented to the Indiana courts, it is unexhausted. Therefore habeas corpus relief is unavailable and this petition must be dismissed without prejudice so Robertson can present it to the State courts.

When dismissing a habeas corpus petition because it is unexhausted, "[a] district court [is required] to consider whether a stay is appropriate [because] the dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). Here, because Robertson is not challenging his state court conviction, the 1-year period of limitation in 28 U.S.C. § 2244(d) does not apply. *See Cox v. McBride*, 279 F.3d 492, 493 (7th Cir. 2002) ("[T]he custody he is challenging, as distinct from the custody that confers federal jurisdiction, is the additional two years of prison that he must serve as the result of the 'judgment' not of a state court but of the prison disciplinary board."). This means that dismissing this case will not effectively end his chance at habeas corpus review because he will still have time to file a new habeas corpus case (if necessary) after he finishes exhausting this claim by presenting it to the Indiana Supreme Court. Therefore a stay would not be appropriate.

If Robertson wants to appeal this decision, he does not need a certificate of appealability because he is not challenging his conviction. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

For these reasons, this case is **DISMISSED WITHOUT PREJUDICE** because the claim is unexhausted. Donnell Robertson is **DENIED** leave to appeal in forma pauperis pursuant to 28 U.S.C. § 1915(a)(3). The clerk is **DIRECTED** to enter judgment and close this case.

SO ORDERED.

ENTERED: November 2, 2017

/s/ JON E. DEGUILIO
Judge
United States District Judge